Karen Rae KORKOW,
Appellant (Plaintiff),

v.

Butch MARKLE and George Markle,
Appellees (Defendants).

No. 87-141.

Supreme Court of Wyoming.

Dec. 2, 1987.

Karen Rae Korkow, pro se.

Kennard F. Nelson of Kirkwood, Copenhaver & Nelson, Laramie, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

In early 1986, Karen Rae Korkow took her yellow 1962 Cadillac to Markle's Truck Repair, Inc. for mechanical service. What they charged she did not pay, and in due time the garage proceeded in a mechanic's lien foreclosure action against the vehicle.[1] In March, 1987, Miss Korkow filed a handwritten, pro-se complaint in the district court in Albany County. She asked for a temporary restraining order and for an injunction against the mechanic's lien foreclosure. By expedited trial assignment, a hearing was held March 18, 1987, written closing arguments were submitted March 25, and a closing-argument hearing completed the proceedings on April 15. By judgment and decree with special findings, the trial court on April 25, 1987 ruled against appellant on all material questions. No reporter was obtained for the evidentiary hearing, and nothing has been done here to settle the record for the purpose of this appeal pursuant to Rule 4.03, W.R.A.P., as a "[s]tatement of evidence or proceedings when no report was made or when the transcript is unavailable."

No cogent authority is provided to support any legal issue urged here for reversal. *Trout v. Wyoming Oil and Gas Conservation Commission*, Wyo., 721 P.2d 1047 (1986); *Hance v. Straatsma*, Wyo., 721 P.2d 575 (1986). Furthermore, no record is provided for factual review. *Nicholls v. Nicholls*, Wyo., 721 P.2d 1103 (1986); *Feaster v. Feaster*, Wyo., 721 P.2d 1091 (1986).

This court would add a further word for any future pro-se litigants. Under the circumstances with which we are presented, this court could clearly assess attorney's fees as was done in *Nicholls v. Nicholls*, supra, although there the pro-se litigant

was an attorney. The only real reason we do not do this here is because the request was not made by the appellees by motion or in their brief filed here.

After the appeal was docketed in this court, appellees filed a motion to dismiss the appeal, urging inadequacy of the notice of appeal under Rule 2.02, W.R.A.P. and noncompliance with the requirements for the form of the brief pursuant to Rule 5.01, W.R.A.P. Since the case was assigned to the expedited docket and this decision is on the merits, those contentions are not given strict scrutiny. In the future, this divergence may not be extended to the untrained litigant trying to do a lawyer's work. Immediate dismissal and probable charging of attorney's fees should not be any surprise if the litigant does not handle this professional, technical work in compliance with Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform. See *Hance v. Straatsma*, supra.

The judgment is affirmed.

---

1. The general dispute as seen from pleadings, letters and appellant's brief is that the garage did far more work than the installation of bushings that was ordered. In addition to what she says she wanted, the work order included a new battery and starter, distributor, brakes, muffler, and transmission service.