Michael **PHILLIPS**, Appellant (Plaintiff),

v.

**DURO–LAST ROOFING, INC.,** Appellee (Defendant).

No. 90–161.

Supreme Court of Wyoming.

Feb. 21, 1991.

James E. Fitzgerald, Sharon A. Fitzgerald and A.G. McClintock, Cheyenne, for appellant.

Gary R. Scott of Hirst & Applegate, Cheyenne, for appellee.

G.G. Greenlee of Murane & Bostwick, Casper, for amicus curiae Defense Lawyers Ass'n of Wyoming.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Presented are certified issues from the United States District Court for the District of Wyoming, asking whether W.S. 1–1–109 (1988), *a comparative negligence attribution, allocation and apportionment statute,*[1] applies to recovery on a claim

    of strict liability under Restatement of Torts (Second) § 402A?

    * * * of strict liability under Restatement of Torts (Second) § 402B?

    * * * for breach of the implied warranty of merchantability?

    * * * for breach of the implied warranty of fitness for a particular purpose?

    * * * for a breach of express warranty?

As initially passed in 1973 and last amended in 1986, the Wyoming legislature enacted a comparative negligence statute, of which sections (c) and (d) are directly involved in this certified question review. We are asked to apply or disassociate the negligence apportionment and allocation provisions from that statute to recovery theories of strict liability, implied warranty of merchantability, implied warranty of fitness for the particular purpose and express warranty. The Wyoming statute states:

    (a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total fault. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

    (b) The court may, and when requested by any party shall:

        (i) If a jury trial:

        (A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party; and

        (B) Inform the jury of the consequences of its determination of the percentage of fault.

        (ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages and the percentage of fault attributable to each actor whether or not a party.

    (c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of fault attributed to the person recovering and enter judgment against each defendant in the amount determined under subsection (d) of this section.

    (d) Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of fault attributed to him under paragraph (b)(i) or (ii) of this section.

W.S. 1–1–109.

The certification order provides a specific and directly stated factual perspective for our decision:

    Plaintiff Michael Phillips was employed as a roofer by Nyfogle, Inc. dba, Gem City Enterprise in Laramie, Wyoming. On July 1, 1988, he was applying a roofing material distributed by defendant Duro–Last Roofing, Inc. (Duro–Last), when the material tore and he fell two and one-half stories to the ground, sustaining severe injuries.

---

1. An allocation and apportionment statute addresses separate responsibilities and divides up resulting liability among defendants or potential defendants—the direct opposite in result of joint and several liability. *See Seaton v. State of Wyo. Highway Com'n, Dist. No. 1,* 784 P.2d 197, 207 n. 11 (Wyo.1989); *Kirby Bldg. Systems v. Mineral Explorations Co.,* 704 P.2d 1266 (Wyo. 1985); and *Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981).

Plaintiff brought this action against defendant Duro–Last Roofing, Inc., seeking to recover damages for the injuries he suffered as a result of using defendant's product. Phillips sought recovery under theories of negligence, strict liability under Restatement of Torts (Second) § 402A and § 402B, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and breach of express warranty.

The jury found that Duro–Last was forty percent (40%) negligent, that plaintiff's employer (a "ghost" defendant) was forty percent (40%) negligent, and that plaintiff was twenty (20%) negligent. The jury went on to find for the plaintiff on all three warranty claims, and on both strict liability claims. It held that the total amount that would compensate plaintiff was $187,000.

The parties dispute whether Wyo.Stat. § 1–1–109 (1988) should apply to reduce plaintiff's recovery to forty percent (40%) on each of his claims.

In addition to the federal court litigants, excellent extended briefing is provided by the amicus curiae, Defense Lawyers Association of Wyoming.

Through motions, objections and briefing, the issues presented become two-fold. We are first asked whether W.S. 1–1–109 applies to non-negligent causes of action, including strict liability and warranty. In second approach, this court is directed by responding litigants to further consider whether even if the statute does not directly apply, that the court should adopt theories of allocation and apportionment for non-negligent actions which might be similar to or the same as statutorily provided by W.S. 1–1–109 for negligence litigation.

This court answers the certified questions in the negative and declines to use this case to assess the broad subject of apportionment of damage liability for application to warranty and strict liability recovery theories.

W.S. 1–1–109 in present form was enacted by Wyo.Sess. Laws ch. 24, § 1 (1986) to change prior Wyoming law first provided in 1973 when contributory negligence was displaced with comparative negligence by Wyo.Sess.Laws ch. 28, § 1 (1973). The 1986 enactment was clearly directed to ameliorate perceived problems as part of a tort system "reform" legislation. The statute and its predecessor had been confined by its text and title to actions involving negligence.[2] The 1973 act allocated liability between plaintiff and defendant or defendants and the 1986 act apportioned payment responsibility among defendants to eliminate the joint and several liability of each.

This court also, five days after Wyo.Sess. Laws ch. 24 (1986) became law without the Governor's signature, rendered *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334 (Wyo.1986), which first clearly approved strict liability recovery theories. Consequently, the legislature had no specific reason to anticipate its result. In the sessions since *Ogle*, the legislature has not enacted any extension of the apportionment provisions of W.S. 1–1–109(d) to apply to the non-negligent actions.

Without additional legislative history to be of assistance, we will not now engage in comprehensive judicial legislating which is required in order to extend the

---

**2.** AN ACT to create section 1–7.2 of the statutes relating to civil actions for personal injuries, wrongful death and injury to property; abolishing common law defense of contributory negligence; establishing a rule of comparative negligence.
Wyo.Sess.Laws ch. 28 (1973).
  AN ACT to amend W.S. 1–1–109; and to repeal W.S. 1–1–110 through 1–1–113 relating to civil procedure; providing that a plaintiff in a negligence action is entitled to a proportionate recovery of his damages if the plaintiff's contributory negligence is not more than fifty percent (50%) of the total fault; eliminating the doctrine of joint and several liability among joint tortfeasors; providing that each defendant is liable only to the extent of his percentage of fault as compared to all other actors whether or not parties to the action; repealing provisions relating to the right of contribution among joint tortfeasors and the effect to be given the release or covenant not to sue one of several joint tortfeasors; and providing for an effective date.
Wyo.Sess.Laws ch. 24 (1986).

application of the allocation and apportionment statute from its express and intended arena of negligence into warranty and strict liability proceedings by either statutory interpretation or common law extension.

■ Statutory interpretation and application addresses review of the perceived legislative intent. With little or nothing more than the specific language of the enactment, we cannot be justified in superimposing over its plain provisions what is not otherwise stated.[3] We concur with appellant that the plain and unambiguous language of W.S. 1-1-109 demonstrates that the statute applies only to causes of action arising out of appellee's negligence.

> Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction. * * * Neither this Court nor the agency charged with administering the statute has a right to look for and impose another meaning.

*Wyoming Ins. Dept. v. Avemco Ins. Co.*, 726 P.2d 507, 510 (Wyo.1986). We are also directed to our recent case of *Belle Fourche Pipeline Co. v. State*, 766 P.2d 537, 542 (Wyo.1988):

> Whenever this court is engaged in the construction of a statute, the primary consideration is to discern the intention of the legislature. * * * That legislative intent should be ascertained, as nearly as is possible, from the language incorporat-

ed in the statute, which is viewed in the light of its object and purpose. * * * In those instances in which the language in the statute is plain and unambiguous, the words used are to be accorded their plain and ordinary meaning unless there is some manifestation of a legislative intent that they not be accorded the plain and ordinary meaning.

■ In next argument, appellee and the amicus curiae argue comprehensively and stridently that this court should apply a judicial apportionment and allocation concept in this case by going beyond the specific questions asked by the United States District Court in its certified questions. We decline to take this additional adjudicatory step for three reasons. First, pursuant to W.S. 1-13-104 through 1-13-107, the Federal Court State Law Certificate Procedure Act, nothing is indicated that this court is authorized to answer more than is asked. To go further might impose on a comity relationship with the certifying court *in the pending case*, or otherwise constitute an advisory opinion for the issues not presented by the certification. We are limited to actual cases and controversies and do not issue advisory opinions under the constitutional perspective established by the Wyoming Constitution for the operation of the Wyoming Supreme Court. *Kurpjuweit v. Northwestern Development Co., Inc.*, 708 P.2d 39 (Wyo.1985); *Knud-*

---

3. Argument is made that the use of the word "fault" instead of "negligence" is significant. We recognize the Senate floor amendment in substitution within the actual text, but cannot find that the casual amendment was intended to reach warranty and strict liability. The topic of the bill by title in general text was before amendment and remained thereafter related to negligent actions. *See* Digest of the Senate 41 (1986).

We do not have any way to factually analyze why "fault" was inserted and "negligence" deleted in the several places where it occurred. Black's Law Dictionary 548 (5th ed. 1979) lists the first synonym for fault to be negligence. Likewise, negligence is listed as a synonym by W. Burton, Legal Thesaurus 223 (1980) for fault. There is an adaptation that defines fault in terms of responsibility and negligence in terms

of action or lack of care. Webster's Ninth New Collegiate Dictionary 452, 791 (1986). However, Sissons, Word and Expression Locater 117, 216 (1966) uses the word delinquency as a synonym for both. We cannot find any real difference in statutory effect that results from the change made. A purist might differentiate negligence to be a character of conduct while fault relates to proximate cause of result. "By my negligence, the accident occurred and, as a result, I was at fault for the damages which resulted." The trouble with this is the conventional expression "faulty conduct" usually involves negligent if not intentional conduct in popular usage. For a comparison, see the discussion of the definition of fault by Chief Judge Holloway in *Huffman v. Caterpillar Tractor Co.*, 908 F.2d 1470, 1474, 1476 (10th Cir.1990).

*son v. Hilzer,* 551 P.2d 680 (Wyo.1976); *Tobin v. Pursel,* 539 P.2d 361 (Wyo.1975).

The second impedance is absence of a record. This opinion quotes the *entire* factual record presented for our consideration. We would, in order to address non-certified issues, be required to suppose or conjecture factual situations in order to address possible theories, factual situations and controlling principles.[4] *Korkow v. Markle,* 746 P.2d 434 (Wyo.1987).

The third reason for this confined approach devolved from the broadly reaching effect and results of any decision on allocation and apportionment to non-negligence actions that we might take whether negative or affirmative. In this case, appellant succeeded in securing a verdict on negligence, Restatement (Second) of Torts, § 402A (1965) and Restatement (Second) of Torts, § 402(B) (1965), strict liability, and three different applications of warranty, express and implied. It is recognized that Wyoming has one of the strictest apportionment statutes to be found in any jurisdiction. Under W.S. 1–1–109, the injured party can never recover for complete damage unless each potential defendant is accessible to enforce payment.

Appellant recognizes that concern since here the employer is a worker's compensation "ghost" defendant and was assessed forty percent negligence. If this case is utilized for identical apportionment in contract and strict liabilities, appellant would be ghosted out of forty percent of his damage—even though obviously the employer had nothing whatsoever to do with warranty or strict liability for product failure. We cannot even properly conceptualize at this time whether identical rules or rules identically applied should be crafted through judicial action which embrace negligence to then identically be applied to Restatement (Second) of Torts, *supra,* § 402(A), faulty

product and Restatement (Second) of Torts, *supra,* § 402(B), misrepresentation, express warranty, implied warranty of fitness for the purpose intended, and implied warranty of merchantability. It may be a valid supposition that consideration might be significantly different for judicial allocation and apportionment of damage responsibility to very different recovery theories. As an illustration, warranty theories have a statutory foundation in present time based upon the Uniform Commercial Code and strict liability develops out of common law with authentication found in the Restatement (Second) of Torts.

Hypothetical facts for all cases on the simple record here presented do not provide an adequate foundation to either relate to the facts creating the precedent provided by other jurisdictions or to confine any decision to whatever facts a specific future case will present.

Consequently, we decline the invitation to expand this opinion as a certified issue case and answer each of the questions that are actually presented in the negative.

CARDINE, J., filed a dissenting opinion.

CARDINE, Justice, dissenting.

I would answer the certified questions "yes." From the standpoints of both statutory construction and policy considerations, an injured party should recover only those damages attributable to the fault of the offending party. It is neither fair nor equitable that a party whose fault causes 40 percent of a loss should be required to pay 100 percent of the loss and damages. The goal of tort reform has been to create a system for compensating injured persons which is fair to both the party recovering and the party paying damages. Implicit in the system is that a party pay only for the damage caused by his fault.

---

4. It is true that in briefing, both litigants have comprehensively related to what may have been shown in the record of the United States District Court for the District of Wyoming, which resulted in the favorable jury verdict for appellant. Neither briefs nor oral argument provide a total consistency of opinion as to what might be shown in the record. Whether the parties did

or did not consistently represent what would be found in the record, there is no record and this court has clearly stated that we are confined in decision to facts presented as a matter of record for review. *Matter of Wyoming Game and Fish Com'n,* 773 P.2d 941 (Wyo.1989); *Nicholls v. Nicholls,* 721 P.2d 1103 (Wyo.1986).

For more years than I care to remember, contributory negligence, no matter how slight, was a complete bar to recovery in an action to recover damages caused by negligence. *Ford Motor Co. v. Arguello*, 382 P.2d 886, 891 (Wyo.1963). Under this contributory negligence doctrine, a party whose fault caused 99 percent of the damage suffered paid nothing because the plaintiff was one percent at fault. The doctrine, of comparatively recent origin in the common law, is attributed to an 1809 English case. See Leflar, *The Declining Defense of Contributory Negligence*, 1 Ark.L.Rev. 1 (1946); and Annotation, *Modern Development of Comparative Negligence Doctrine Having Applicability to Negligence Actions Generally*, 78 A.L.R.3d 339, 345 § 2 (1977). It was not long before courts began developing exceptions to or abrogating the doctrine. Admiralty courts recognized a form of comparative negligence in 1854. Leflar, 1 Ark.L.Rev. at 16, n. 65. Illinois began applying comparative negligence principles in 1858. Annotation, 78 A.L.R.3d at 345. There was a move to allow recovery of personal injury and property damage under warranty which ordinarily involved actions on contract. Privity of contract was an obstacle, but it was soon held that privity of contract was not required. All of this resulted from efforts to avoid the harsh consequences of contributory negligence.

The Wyoming legislature enacted a comparative negligence statute in 1973. 1973 Wyo.Sess.Laws ch. 28 § 1. *See* § 1–7.2 (W.S.1957, Cum.Supp.1975). Under the act, a plaintiff could recover for his injuries although the award would be reduced by the amount of fault attributed to him. Thus, the statute abolished the "harsh result" that the contributory negligence doctrine required. *Barnette v. Doyle*, 622 P.2d 1349, 1360 (Wyo.1981). In *Barnette*, we noted that the legislative enactment and public policy favored leaving to the "jury to balance the relative measurements of fault." *Id.* at 1361.

The 1973 version of the statute read:
"(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought.

Any damages allowed shall be diminished, in proportion to the amount of negligence attributed to the person recovering.

"(b) The court may, and when requested by any party, shall:

"(i) If a jury trial, direct the jury to find separate special verdicts;

"(ii) If a trial before the court without jury, make special findings of fact; determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributed to the person recovering." § 1–7.2 (W.S.1957, Cum.Supp.1975).

When renumbered in 1977, the above language contained a few grammatical changes and a subsection (b)(iii) was added. The new subsection stated:

"(iii) Inform the jury of the consequences of its determination of the percentage of negligence." W.S. 1–1–109(b)(iii) (December 1977 pamphlet).

The current statute as amended in 1986 reads:

"(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence of the said person is not more than fifty percent (50%) of the total *fault*. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

"(b) The court may, and when requested by any party shall:

"(i) If a jury trial:

"(A) Direct the jury to find separate special verdicts determining the total amount of damages and the percentage of *fault* attributable to each actor whether or not a party; and

"(B) Inform the jury of the consequences of its determination of the percentage of *fault.*

"(ii) If a trial before the court without jury, make special findings of fact, determining the total amount of damages and the percentage of *fault* attributable to each actor whether or not a party.

"(c) The court shall reduce the amount of damages determined under subsection (b) of this section in proportion to the amount of *fault* attributed to the person recovering and enter judgment against each defendant in the amount determined under subsection (d) of this section.

"(d) Each defendant is liable only for that proportion of the total dollar amount determined as damages under paragraph (b)(i) or (ii) of this section in the percentage of the amount of *fault* attributed to him under paragraph (b)(i) or (ii) of this section." 1986 Wyo.Sess.Laws ch. 24 § 1; W.S. 1–1–109 (emphasis added).

This word "fault" appears in the current version of the statute six times. The court trivializes this change contending that "fault" in the statute is synonymous with "negligence." When the legislature adopts a statute, it is presumed to have done so with full knowledge of existing state law with reference to the subject matter. *Wetering v. Eisele*, 682 P.2d 1055, 1061 (Wyo. 1984). It must be assumed that the legislature did not intend futile acts and that in amending the statute the legislature intended to change the law. *Id.* Significantly, the word "fault" receives a broad definition in the Uniform Commercial Code:

" 'Fault' means wrongful act, omission or breach." W.S. 34.1–1–201(a)(xvi).

Actions for damage caused by breach of implied warranty of merchantability, breach of implied warranty of fitness for particular purpose, and breach of express warranty are brought pursuant to the U.C.C. W.S. 34.1–2–313, –314, –315.

In a warranty action, recovery is for fault in the breach of a warranty and under § 402A, Restatement, Second, Torts (1965) for fault in creating a defective product and placing it in the stream of commerce. Plaintiff's fault may contribute to his injury through product misuse, voluntary exposure to a known danger and otherwise. Thus, it logically follows that appellant's actions to recover loss or damage caused by the fault of another party should be governed by W.S. 1–1–109 as amended with fault of the parties being compared. The majority of this court disagrees. It makes no sense that plaintiff's own fault should be chargeable on one theory of recovery but paid for by defendant on another theory. The legislature should consider correcting the anomaly that now exists among the various actions to recover damages for injuries caused by the fault of another.