**Ronald PINTHER, Appellant (Petitioner),**

v.

**Margaret WEBB and Philip P. Whynott, Appellees (Respondents).**

**No. 98–19.**

Supreme Court of Wyoming.

July 8, 1999.

Pro se, Representing Appellant.

Philip P. Whynott and Harry D. Ivey, Cheyenne, WY, Representing Appellees.

Before LEHMAN, C.J., and THOMAS, GOLDEN, and TAYLOR,* JJ., and GUTHRIE, D.J.

LEHMAN, Chief Justice.

Appellant Ronald Pinther raises a variety of issues; however, the only question to be resolved by this court is whether the district court abused its discretion in dismissing Pinther's attempt to obtain judicial review of a decision by a panel of the Wyoming State Bar Committee on Resolution of Fee Dis-

* Chief Justice at time of expedited case confer-  ence; retired November 2, 1998.

putes. The district court dismissed Pinther's petition for review because it failed to comply with the requirements of W.R.A.P. 12.06. Finding no abuse of discretion in dismissing Pinther's petition, we affirm.

## ISSUES

We adopt appellee Philip Whynott's statement of the issue:

Whether the district court abused its discretion by dismissing appellant's petition for review because it failed to comply with the applicable rules.

## FACTS

In 1993, Pinther was a party in a divorce action which included a child custody dispute. Appellee Philip Whynott was appointed *guardian ad litem* for the child, and Pinther was ordered to pay Whynott's fees. Pinther disputed and did not pay part of Whynott's fee because Pinther felt that Whynott "allocated a disproportionate amount of time to listen to purported evidence that was adverse to [Pinther's] case" and refused to listen to certain testimony. Eventually, Whynott assigned his claim to a collection agency operated by appellee Margaret Webb.

On April 2, 1997, Webb filed a complaint in Laramie County Court against Pinther to recoup $1,152.30 owed to Whynott by Pinther. On April 24, 1997, Pinther filed a "Petition for Resolution of Fee Dispute Before the Wyoming State Bar," and the matter was referred to the Wyoming State Bar Committee on Resolution of Fee Disputes. A panel of the fee dispute resolution committee issued a decision letter on August 20, 1998, awarding Whynott $856.00 ($1,356.00, less $500.00 previously paid).

Pinther filed a Notice of Appeal/Petition for Review with the district court on September 19, 1997. The court dismissed the petition for review because it failed to comply with the Wyoming Rules for Resolution of Fee Disputes and the Wyoming Rules of Appellate Procedure. Pinther moved for reconsideration on December 12, 1997, which the court denied. Pinther timely appeals the district court's order to dismiss and denial of reconsideration.

## STANDARD OF REVIEW

W.R.A.P. 1.03 provides in pertinent part:

The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure ... is ground only for such action as the appellate court deems appropriate, including but not limited to ... dismissal.

█ The appellate court's authority contained in this rule is a classic statement of discretionary power. *McElreath v. State, ex rel. Workers' Compensation Div.*, 901 P.2d 1103, 1106 (Wyo.1995). If a petition for review fails to comply with the rules of appellate procedure, the only issue to be resolved is whether the district court abused its discretion in finding dismissal appropriate. *Id.*

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998).

## DISCUSSION

Pursuant to Rule 14 of the Wyoming Rules for Resolution of Fee Disputes, judicial review of an administrative decision is governed by W.R.A.P. 12. The requirements of a petition for review are detailed in W.R.A.P. 12.06, which provides:

**Rule 12.06. Requirements of Petition.**

The petition for review shall include:

(a) A concise statement showing jurisdiction and venue;

(b) The specific issues of law addressed to the district court for review;

(c) A brief statement of the facts relevant to the legal issues raised before the agency, showing the nature of the controversy in which the legal issues arose; and

(d) A copy of the agency decision shall be attached as an appendix.

The petition shall not exceed five letter pages in length, excluding appendix, and

shall be in the format described in Rule 7.05(b).

The district court's decision letter detailed numerous deficiencies in Pinther's petition for review. First, the petition includes neither a concise statement of jurisdiction and venue nor a statement of the specific issues of law presented for the district court's review. Instead, the petition provides a thumbnail sketch of the facts that, without more contextual information, does not define any legal issues. In addition, the petition does not identify the administrative agency from which the appeal was taken. Although Pinther attached a decision letter to his petition, even that letter does not identify the issuing agency. Furthermore, despite the fact that Pinther's petition for review was filed with the district court, Pinther requested that the district court "order this matter be heard by jury trial in Laramie County Court." The confusion engendered by these problems was compounded by deficiencies in the petition's caption. In the caption, the parties were misidentified as plaintiffs and defendant, rather than petitioner and respondents. In addition, because the names of the appellees appeared first, the caption does not comply with W.R.A.P. 2.08(a). All these defects led the district court to conclude: "The initial review of this appeal to determine the parties, jurisdiction, venue, and issues was an impossibility."

Despite the petition's deficiencies, Pinther claims that dismissal of the petition is harsh and that dismissal without a hearing is even harsher. "Dismissal is, indeed, a harsh sanction, but one permissible under [W.R.A.P.] 1.03." *McElreath*, 901 P.2d at 1106. The review conducted by the district court, as described in the decision letter, indicates that the court carefully considered Pinther's petition before determining that it was simply too confusing to invoke the jurisdiction of the district court. We conclude that the district court exercised sound judgment under the circumstances, and that its decision to dismiss Pinther's petition for review was not an abuse of discretion. Because Pinther's other issues relate to the merits of the underlying fee dispute, they are not appropriate for our review.

## CONCLUSION

We have often stated that we expect *pro se* litigants to comply with the Wyoming Rules of Appellate Procedure in the same way that trained lawyers are expected to perform. *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995); *Korkow v. Markle*, 746 P.2d 434, 435 (Wyo.1987). In this case, Pinther's petition for review failed to meet even the most basic requirements of the rules of appellate procedure. The district court did not abuse its discretion in invoking the sanction of dismissal against Pinther. The Order Amending Caption and Dismissing Appeal and Order Denying Motion for Reconsideration are affirmed.