2003 WY 6N

In the Matter of Twenty Two Firearms, and Assorted Ammunition Components.

James Elmer DOBSON, Appellant (Interested Party),

v.

Steve J. STAHLA, Sheriff of Crook County, Appellee (Plaintiff).

No. 02–55.

Supreme Court of Wyoming.

Jan. 17, 2003.

Pro se, Representing Appellant.

Bill Rice, Deputy County and Prosecuting Attorney of Crook County, Sundance, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

PER CURIAM.

[¶ 1]   The *pro se* appellant, James Elmer Dobson (Dobson), a convicted felon, appeals from a Judgment of Forfeiture that ordered

the sale of twenty-two firearms and assorted ammunition components seized from him. Concluding that Dobson's brief is unsupported by the record, cogent argument, or citation to pertinent authority, we summarily affirm this appeal pursuant to W.R.A.P. 1.03.

## ISSUES

[¶2]   Dobson presents the following questions for review:

I.   Are adversarial proceedings still legal in the State of Wyoming?

II.   Is the transfer of personal property by and through a Power of Attorney legal in the State of Wyoming?

III.   Is the Constitution of [the] United State of America, and the Constitution of the State of Wyoming still recognized by the Supreme Court for the State of Wyoming?

## FACTS

[¶3]   On December 13, 2001, the Sheriff of Crook County filed, in the district court, a Petition for Order to Show Cause. The petition alleged that the sheriff was in possession of twenty-two firearms and various ammunition components seized from Dobson. It further alleged that Dobson was a convicted felon and, as such, return of the firearms and ammunition to Dobson would be illegal pursuant to 18 U.S.C. § 922(d)(1). The petition requested that the district court issue an order for Dobson to show cause why the firearms and ammunition should not be "sold or forfeited and sold at public auction or transferred to the use of the Crook County Sheriff's Office." One week later, the district court, relying on Wyo.Stat.Ann. § 7–2–105 (LexisNexis 2001), issued the requested order to show cause.

[¶4]   On February 7, 2002, the matter came before the district court for a hearing. Dobson personally appeared. Following the hearing, the district court entered its Judgment of Forfeiture, which ordered that the firearms and ammunition "shall be sold at public auction pursuant to W.S. 7–2–105(k)." Dobson appealed. In his brief, the sheriff asserts that he has retained the weapons and ammunition pending resolution of this appeal.

## DISCUSSION

[¶5]   We have often stated ... that we expect pro se litigants to comply with the Wyoming rules of appellate procedure in the same way that trained lawyers are expected to perform. *Stone v. Stone*, 842 P.2d 545, 547 (Wyo.1992); *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo.1995); *Korkow v. Markle*, 746 P.2d 434, 435 (Wyo.1987); *Pinther v. Webb*, 983 P.2d 1221, 1223 (Wyo.1999). While we may make allowances for *pro se* litigants, they are not excused from the requirement that their brief be supported by cogent argument and citations to pertinent authority. *Baker v. Reed*, 965 P.2d 1153, 1154 (Wyo. 1998).

*Stone v. Stone*, 7 P.3d 887, 890–91 (Wyo. 2000). "For more than thirty-five years, this Court has summarily affirmed cases or issues in cases that are not presented with cogent argument or pertinent authority." *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo.1995); *see also State ex rel. Reece v. Wyoming State Board of Outfitters and Professional Guides*, 931 P.2d 958, 959 (Wyo.1997). In addition, "[u]nder this court's long-standing precedent, this court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *State v. Campbell County School District*, 2001 WY 90, ¶35, 32 P.3d 325, ¶35 (Wyo.2001).

[¶6]   In addition to failing to comply with various provisions of W.R.A.P. 7.01 regarding content of the brief, Dobson's brief is not supported by cogent argument, citation to pertinent authority, or the record on appeal. With respect to "issues" one and three, they are nothing more than vitriol. Clearly, adversarial proceedings are legal in this state, and the cited constitutions remain the law of this state. As for issue number two, Dobson relies on a power of attorney appended to his brief. The power of attorney is not part of the record on appeal, and Dobson has made no attempt to have the record supplemented or modified. *See* W.R.A.P. 3.04.

Because the power of attorney is not properly part of the record on appeal, Dobson is precluded from relying on it. *See Basolo v. Gose,* 994 P.2d 968, 969–70 (Wyo.2000). Even if the power of attorney were part of the record on appeal, Dobson presents no cogent argument to establish how the power of attorney (in which Dobson grants power of attorney to relatives) would preclude the judgment of forfeiture.

■ [¶ 7] Furthermore, Dobson's brief does not cite to a single case, perhaps with good reason. A recent Wyoming case, *Taylor v. State,* 7 P.3d 15 (Wyo.2000), clearly supports the district court's ruling. There, this Court wrote:

[W]e agree that 18 U.S.C. § 922(d)(1) prevented the return to Taylor of the illegally seized items. 18 U.S.C. § 922(d)(1) states that it is "unlawful for any person to sell or otherwise dispose of" any firearm or ammunition to any person who is under indictment or convicted of a crime punishable by imprisonment for a term exceeding one year. Since Taylor's pending charge fell within the prohibitions of this section, Taylor could not lawfully demand the return of the firearms and ammunition.

The same reasoning applies to Taylor's second request for return of these items at sentencing. As a convicted felon, Taylor was not entitled to possess firearms or ammunition. 18 U.S.C. § 922(g); *see also United States v. Bagley,* 899 F.2d 707, 708 (8th Cir.1990), *cert. denied,* 498 U.S. 938, 111 S.Ct. 343, 112 L.Ed.2d 307 (1990). Therefore, the district court did not err in ordering these items to remain in the possession of law enforcement, subject to Wyo. Stat. Ann. § 7–2–105 (Lexis 1999)

7 P.3d at 23–24. Under this precedent, Dobson, as a convicted felon, was not entitled to possess firearms or ammunition, and he has cited to no authority that establishes otherwise.

■ [¶ 8] Finally, even if this Court were to decipher Dobson's arguments, we have no means of reviewing the evidence received at hearing. Dobson failed to provide this Court with a transcript to review, and he has made no attempt to prepare a statement of the evidence. In the absence of a transcript or an approved statement of the hearing as provided under W.R.A.P. 3.03, "the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed." *Burt v. Burt,* 2002 WY 127, ¶ 7, 53 P.3d 101, ¶ 7 (Wyo.2002); *Thomas v. Thomas,* 983 P.2d 717, 721 (Wyo.1999). The responsibility for presenting a sufficient record fell upon Dobson, and he has failed to fulfill that responsibility. *Feaster v. Feaster,* 721 P.2d 1095, 1096 (Wyo.1986).

[¶ 9] With no transcript to review, no cogent argument, and no citation to pertinent authority, we conclude that the district court's Judgment of Forfeiture must be, and hereby is, summarily affirmed pursuant to W.R.A.P. 1.03.