DUFRESNE, Judge.
This appeal comes to us from separate lawsuits which were consolidated in the trial court. The cases have remained consolidated on appeal, and, as the law and relevant facts are common to both, our opinion herein is equally applicable to each.
On September 11,1980, Mary Lou Massey (plaintiff) filed a petition for eviction alleging Mr. and Mrs. Quincy E. Cunningham (defendants) failed to pay rent for the months of July, August and September, 1980. Defendants answered denying the allegations and reconvening for specific performance of an “Agreement to Sell” the subject rental property executed on April 18, 1980.[1]
Subsequent to the petition for eviction, the plaintiff filed a second suit on October 14, 1980 requesting a Writ of Sequestration. By judgment, the said writ was dissolved; an appeal was taken but later abandoned.[2]
All issues relating to the eviction were decided at the trial on the merits. Judgment was rendered by the trial court ordering the defendants’ eviction and decreeing a judgment against them in the amount of $1,175.00 for rental payments due from August through December 1980. The defendants reconventional demand for specific performance was dismissed. This appeal followed.
The defendants entered into a written lease on October 28,1978 which lease was to run until November 30, 1980 for rental of property located at 108 Carita Drive, Avon-dale, Louisiana. The monthly rental was $235.00. The lessors were Mr. and Mrs. Edward Massey. During the course of this lease, rental payments were made by the defendants to Mr. Massey, until his death on August 1, 1980. Throughout this lease agreement, Mr. Massey was responsible for making the mortgage payments due on the property even though he and Mrs. Massey were divorced subsequent to executing the lease.
On April 18, 1980, appellees and her husband entered into an agreement to sell the Carita Drive property to appellants. This agreement basically stated that on or before June 15,1980, an act of sale would pass between the parties wherein appellants would assume the mortgages that were encumbering the property and title would be transferred. This agreement to sell was passed before Robert N. Clarke, Attorney at Law and Notary Public, whom at that time represented appellants and Mr. Edward E. Massey regarding the intended sale.
On June 15, 1980, the appellants went to the office of Robert N. Clarke, but Mr. and Mrs. Massey never arrived — no notice had been sent to them from the appellants indicating they desired to execute the Act of Sale. A notice was mailed on July 17, 1980 to Mr. Massey requesting that a date be set for passing the act of sale.
Upon Mr. Massey’s death on August 1, 1980, plaintiff, Mrs. Mary Lou Massey retained counsel and wrote a letter on August 6, 1980 to defendants, advising them that they were in arrears in the amount of $1,600.00 and if not paid, that they were to vacate the house within five (5) days of receipt of the letter. Defendants failed to pay the delinquent rent and remained on the premises. Suit was filed by the plaintiff and defendants reconvened for specific performance of the agreement to sell.
The main issue in this matter revolves around whether or not the defendants’ attorney, Robert N. Clarke was acting as agent of the owners, Mr. and Mrs. Massey.
*1038 The defendants have contended that Robert N. Clarke became the agent representing the interest of the plaintiff after the death of her husband, Mr. Massey. They looked toward Clarke for clarification of the situation and entrusted to him the rental payments. From the record we are convinced as was the trial judge that there is a lack of evidence establishing any on-going legal relationship between Mr. Massey and Robert Clarke. He was the attorney representing all parties concerned in his professional status and was to fulfill certain functions in transferring title pursuant to the agreement to sell.
It is settled law that the attorney-client relationship is contractual in nature and based on the express agreement of the parties as to the nature of the work undertaken by the attorney. Agreement of an attorney to represent a client as to a particular matter does not create an agency relationship as regards other business affairs of the client. Tullier v. Tanson Enterprises, Inc., 359 So.2d 654 (La.App. 1st Cir.1978).
The defendants did not prove that the plaintiffs even benefited or received any rent payments from Robert Clarke. Clarke was not made a party to the suit nor even called as a witness by the defendants. Robert Clarke was allowed to withdraw as attorney for the defendants approximately one month before trial, but did. not testify, which would seem to be essential to say the '.least.
The trial court’s finding is based on reasonable evaluation of credibility and will not be disturbéd in the absence of manifest error. Canter v. Koehring, 283 So.2d 716 (1973).
As to the second issue raised, that the defendants were entitled to specific performance of the agreement to sell, we agree with the trial court that the agreement had expired by its own terms and was no longer enforceable. The defendants have argued that they were prepared to sign the agreement on June 15, 1980 but the Masseys did not appear at the attorney’s office. However, the record indicates no notice was given for them to appear and not until July 17,1980, over 32 days later, were they notified of the intentions of the defendants.
Again we believe that Robert Clarke should have testified in this matter and brought to light the reasons for the excessive delays in contacting the plaintiffs, that the defendants were prepared to purchase the property. By its own terms, the “Agreement to Sell” (Appendix No. 1) expired on June 15, 1980 and was no longer enforceable. Although argument has been presented that the plaintiffs breached the contract, we feel otherwise. The defendants under the agreement had to take some positive action to notify the plaintiffs that they were ready to take title to the property-
Reviewing the “Agreement to Sell” we must conclude that there was to be some type of decision made by the defendants whether to consummate the sale on or before June 15, 1980. This is not a standard real estate agreement, but a simple agreement prepared by the attorney, Robert N. Clarke. It is quite obvious that some communication was necessary prior to June 15, 1980 to complete this transaction.' Since there was no evidence of any in the record, the agreement expired and was no longer enforceable.
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendants, Mr. and Mrs. Quincy E. Cunningham.
AFFIRMED.
APPENDIX I
AGREEMENT TO SELL
We, Mary Dunn wife of/and Edward Massey, for and in consideration of the assumption of that certain mortgage existing upon 108 Carita Drive, in Avondale, La., in favor of Lomas and Nettleton Company loan # 07-25-26260 with a principal balance of $26,000.00 as well as the assumption of the second mortgage existing against aforedescribed property in favor of American Thrift and Finance Plan Inc., with a principal balance of $4,000.00, loan # 4124, by *1039 Dorothy Pauline Sisk wife of/and Quincy Eugene Cunningham, do hereby these presents agree to sell, transfer and convey the property aforedescribed on or before June 15, 1980 unto, Dorothy Pauline Sisk wife of/and Quincy Eugene Cunningham.
/s/ Mary Dunn
Mary Dunn
/s/ Edward Massey
Edward Massey
/s/ Patricia Hammel
Witness
/s/ James Childs
Witness
/s/ Dorothy Pauline Sisk
Dorothy Pauline Sisk
/s/ Quincy Eugene Cunningham
Quincy Eugene Cunningham
SWORN to and subscribed before me, Notary Public, on this 18th_day of April 1980.
/s/ Robert N. Clarke.
Robert N. Clarke,
Notary Public

. Suit No. 243-977 24th Judicial District Court; No. 5-107 Fifth Circuit Court of Appeal.

. Suit No. 245-224 24th Judicial District Court; No. 5-106 Fifth Circuit Court of Appeal.