Carl SHELDON, Plaintiff-Appellant,

v.

**UNIT RIG & EQUIPMENT CO., an Oklahoma corporation, Defendant-Appellee.**

No. 84–1322.

United States Court of Appeals, Tenth Circuit.

July 28, 1986.

Rehearing Denied Sept. 29, 1986.

884

John R. Hursh (William L. Miller, Holly Brown and Thomas A. Fasse of Central Wyoming Law Associates, Riverton, Wyo., with him on briefs), for plaintiff-appellant.

Glenn Parker and Thomas G. Gorman of Hirst & Applegate, Cheyenne, Wyo., for defendant-appellee.

Before McKAY, SETH and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge.

Appellant Carl Sheldon appeals from a judgment entered December 14, 1983 on a jury verdict in the District of Wyoming, Ewing T. Kerr, *District Judge.* In this diversity action involving negligence and breach of warranty claims, the court en-

* Of the Second Circuit, by designation.

tered judgment on the negligence claim against appellant and in favor of appellee Unit Rig & Equipment Co. ("Unit Rig"), an Oklahoma corporation which manufactures the "Lectra Haul", a 120–ton capacity truck which collided with a pickup truck operated by appellant on May 20, 1980, as a result of which appellant was severely injured. The court denied appellant's motions for an amended judgment and for a new trial.

The principal question on appeal is whether the jury's attribution of a greater percentage of fault to appellant than to Unit Rig bars recovery completely for a claim based on breach of warranty. We hold that appellant is entitled to recover on his breach of warranty claim the damages assessed by the jury, reduced by the percentage of appellant's contributing fault. We therefore reverse the district court and direct that judgment be entered for appellant in amount of $324,000.

I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the primary issue of law raised on appeal.

On May 20, 1980 appellant was injured severely when a 120–ton capacity haulage truck collided with his pickup truck at a uranium mine near Riverton, Wyoming. Appellant commenced the instant action against the manufacturer, Unit Rig, alleging breach of warranty and negligence in the designing, testing, and manufacturing of the Lectra Haul. Federal American Partners, appellant's employer, although immune from suit under Wyoming's worker's compensation law, was before the jury for the purpose of assessing its percentage of fault.

Appellant served as a scraper foreman at the open pit uranium mine. On May 20, appellant reported to work at approximately 3:00 p.m., approximately one-half hour before work shifts were to change. By 3:30 p.m. two electric shovels, used to load

uranium ore from the pit into haulage trucks, were out of service. Because of this delay, five or six haulage trucks were lined up waiting to be filled. The driver of one of the haulage trucks, Steve Callahan, got out of his truck to speak with a co-worker. Appellant noticed that, contrary to work rules, Callahan was not wearing his shirt. Appellant drove his pickup truck over to Callahan's Lectra Haul. Appellant parked the pickup truck parallel to the Lectra Haul, between the right front and rear wheels. By this time, Callahan had re-entered the cab of the Lectra Haul, turned the wheels of the vehicle to the right, and moved the Lectra Haul forward. Appellant by then had walked toward the front of the cab. Seeing that the Lectra Haul was beginning to move, appellant ran to his dwarfed pickup. There was evidence that appellant tried to put the pickup in reverse to avoid the collision. The Lectra Haul, however, pinned the pickup truck, crushing the left hand portion of the truck with appellant inside. Appellant sustained severe injuries as a result of the collision.

Appellant's claims against the manufacturer, appellee Unit Rig, were based on negligence and breach of warranty. Essentially, appellant alleged that the Lectra Haul had an ineffective side and rear view mirror system which left a significant blind spot in the driver's scope of vision.

Following the presentation of evidence, which included testimony of expert witnesses, the jury was instructed to assess the percentages of negligence of the three participants—appellant Sheldon, appellee Unit Rig, and appellant's employer, Federal American Partners. Although the latter was immune from suit, its negligence had to be determined for purposes of the Wyoming comparative negligence law. The jury was instructed that, in order for appellant to recover any damages in negligence, the jury had to find Unit Rig more negligent than appellant. Counsel also explained this aspect of Wyoming compara-

tive negligence in closing arguments.[1] During its deliberations, the jury sent a note to the trial judge, apparently inquiring about the effect of its assessment of fault. The judge responded to the question outside the presence of counsel and without informing counsel. The record does not contain the exact language of the question or the response.

The jury found that appellant's damages totalled $540,000. It assessed the percentages of negligence as follows: appellant—40%; Unit Rig—30%; Federal American Partners—30%. Since the jury found appellant more negligent than Unit Rig, the court entered judgment for Unit Rig, and denied motions for an amended judgment and new trial. This appeal followed.

## II.

The primary issue on appeal is whether appellant is entitled, on either a negligence or breach of warranty claim, to recover any damages for the injuries he sustained. Resolution of this issue requires an examination of appellant's legal theories for recovery. Appellant alleged that Unit Rig had negligently designed, tested and manufactured the Lectra Haul. Specifically, appellant alleged that the side and rear view mirror system left a blind spot which prevented the driver from seeing that appellant's pickup truck was parked along side the Lectra Haul.

As a threshold matter, we are satisfied that the jury instructions covered adequately appellant's two legal theories of recovery. The court instructed the jury on the essential elements of negligence, including duty, breach, and proximate cause. In addition, the court defined the specific duties of a manufacturer relating to warranties and product defects, including the duty to anticipate that the Lectra Haul could be involved in blind side collisions while being used for the purpose for which it was intended; that the manufacturer's duty extended to other persons in the vicin-

---

1. Under the statutory law of Wyoming, the jury must be instructed on the effect of its verdict. W.S. § 1–1–114 (1977). This statute applies to comparative negligence cases. *Johnson v. Safeway Stores, Inc.,* 568 P.2d 908 (Wyo.1977).

ity of the product; and that the manufacturer had a duty to inspect and test the product. Although the court did not use the word "warranty" specifically, we hold that the instruction set forth with sufficient clarity appellant's warranty theory.

Under the Wyoming comparative negligence statute, W.S. § 1-1-109 (1977), in effect at the time of the injury, the jury was required to assess the percentage of fault of each of the participants.[2] Although Federal American Partners, appellant's employer, was immune from suit, the fault of this "ghost defendant" still had to be determined. Since the jury found appellant more negligent than Unit Rig—40% compared to 30%—the court disallowed appellant any recovery.

■ We agree with the district court that the jury's percentage attribution of fault precluded appellant from recovering damages under a negligence theory. The Wyoming comparative negligence statute provides:

"Contributory negligence shall not bar a recovery in an action by any person ... to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence was not as great as the negligence of *the person against whom recovery is sought.* Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering."

W.S. § 1-1-109(a) (emphasis added). This statute was interpreted in *Board of County Commissioners v. Ridenour*, 623 P.2d 1174 (Wyo.1981). The Wyoming Supreme Court held that in a multi-defendant action, the statute requires that the plaintiff's percentage of negligence be compared separately with each of the defendants' negligence rather than with the sum of all the defendants' percentages of fault. Therefore, a plaintiff could not recover damages

from an individual defendant found less negligent than the plaintiff. In addition, *Ridenour* held that the jury must consider the negligence not only of the parties to the action, but also the contributing fault of any participant in the transaction causing injury. The comparative negligence statute ameliorates the harsh effect of any contributory negligence being a complete defense to a negligence claim. By comparing the plaintiff's fault against each of the individual defendants' fault, however, the plaintiff's likelihood of recovery is diminished significantly where more than one actor contributes to the injury, including the "ghost defendant" here.

In the instant case, the court properly instructed the jury to consider the fault of the employer even though Federal American Partners was not a "person against whom recovery" was sought in the litigation. Since the jury found appellant more negligent than Unit Rig, we hold that the court correctly determined that appellant's contributing fault barred recovery under a negligence theory.

■ This does not end our inquiry. We must decide whether appellant's claim for breach of warranty also is precluded by these comparative negligence principles. We hold that appellant is entitled to recover damages under his warranty theory but the damages must be reduced by his percentage of fault.

The Wyoming comparative negligence statute on its face does not resolve the warranty claim issue. The statute refers to an action "to recover damages for negligence." The statute does not refer explicitly to actions sounding in warranty or in strict liability. At the very least, the statute does not require that we preclude recovery in a warranty action where the jury finds that the plaintiff was contributorily negligent.

---

**2.** We note that the 1986 Wyoming legislature amended the comparative negligence statute. The statute now provides that a plaintiff may recover where his contributing fault does not *exceed* that of the defendant. Thus, in a case where the plaintiff and an individual defendant both are found 50% negligent, the plaintiff may recover. 1986 Wyo.Sess.Laws ch. 24. The amended statute applies only to actions arising after June 11, 1986, however, and does not affect the instant case. 1986 Wyo.Sess.Laws ch. 24, § 4.

Appellee Unit Rig asserts that the contributory negligence on the part of appellant is a complete defense to an action for breach of warranty. We disagree.

In *Ridenour, supra,* the Wyoming Supreme Court dealt only with a negligence claim against the county for its breach of duty in designing and maintaining a county highway. No warranty claim was asserted. No products liability question was involved. We are not compelled to transplant mechanically the *Ridenour* preclusion of recovery theory where a plaintiff is found more negligent than a defendant to claims arising under a breach of warranty theory.

Prior to the adoption of the Wyoming comparative negligence statute, the Wyoming Supreme Court, in *Murphy v. Petrolane-Wyoming Gas Service,* 468 P.2d 969 (Wyo.1970), addressed the issue of whether tort defenses, such as contributory negligence and assumption of risk, apply to warranty claims. The court recognized the lack of unanimity on the matter, but noted that "[o]ne of the difficulties in precluding such defense is the consequent deprivation of an opportunity to show that the real cause of the injury was from another source than the agency furnishing the product." 468 P.2d at 975. This concern over the causation analysis, however, is inapplicable to the instant case. The verdict form, by attributing a percentage of fault to all the participants, effectively demonstrates the jury's view of causation. Although the *Murphy* court did not address in detail the specific effect of contributory negligence, the court did conclude that "a blanket exclusion of contributory negligence as a defense in breach-of-warranty cases is unjustified." 468 P.2d at 975. Thus, we conclude from the court's

reasoning that a plaintiff's contributory negligence is entitled to some consideration in a breach of warranty action, even though such negligence may not preclude recovery according to the *Murphy* court. Pinpointing the effect of contributory negligence, however, is a more difficult question.

More recently, in *Cline v. Sawyer,* 618 P.2d 144 (Wyo.1980), the court reviewed a case involving claims for both negligence and breach of warranty. The court concluded that sufficient evidence supported the finding that the defendant plumbing contractor was 100% negligent and had breached its implied warranties. More relevant to the instant case, the court reiterated its view that "contributing fault is a proper consideration in *fixing damages* in construction contract cases premised on breach of warranty." (emphasis added) (citing *Cline v. Sawyer,* 600 P.2d 725, 732 (Wyo.1979), where the trial court was instructed on remand to assess the percentage of negligence of all participants). Since the defendant in *Cline* was found 100% negligent, the court was not required to address the discrete interplay of the Wyoming comparative negligence statute in a multi-participant case where there is contributory negligence on the part of the plaintiff and a claim for breach of warranty. We believe it is significant that the court referred to contributory negligence affecting *damages,* not liability.[3]

Based on the existing precedent in Wyoming and the silence of statutory law on the issue, we conclude that appellant's contributory negligence did not bar recovery completely under a warranty theory. The jury assessed appellant's damages at $540,-000. Applying the relevant case law of

---

**3.** We note that other jurisdictions have reduced a plaintiff's damages in products liability cases, rather than barring recovery completely, where the product was misused or where the plaintiff's conduct contributed to the injury. *See, e.g., Butaud v. Suburban Marine & Sporting Goods, Inc.,* 555 P.2d 42 (Alaska 1976); *General Motors Corp. v. Hopkins,* 548 S.W.2d 344 (Texas 1977); and *Mulherin v. Ingersoll-Rand Co.,* 628 P.2d 1301 (Utah 1981).

Appellant asserts that *Poland v. Goodyear Tire & Rubber Co.,* C83–0378 (June 24, 1984 D.Wyo.) provides further support for the proposition that contributory negligence does not bar recovery in a warranty action. Our review of the judgment in that case, however, sheds little light on the issue since we cannot discern on what legal theories of recovery the judgment was based.

Wyoming, we hold that it is appropriate to reduce appellant's damages by the percentage of his contributing fault, resulting in a net award of $324,000 damages to appellant. At oral argument before us, counsel for appellant stated that, if appellant were to be awarded his damages less his percentage of fault, no new trial would be sought and appellant's other claims of error would be withdrawn.[4]

### III.

To summarize:

We hold that the district court adequately instructed the jury on the warranty claim for recovery. Although existing precedent in Wyoming and the statutory law in effect at the time of the injury precludes recovery under a negligence theory where the plaintiff is found more negligent than the party against whom recovery is sought, precedent does not compel this result on a warranty claim. Having held that appellant's contributing fault was not a complete bar to recovery on his warranty claim, we instruct the district court on remand to enter judgment for appellant in the amount of $324,000. This represents the jury's assessment of the damages he incurred, less appellant's percentage of negligence. We hold that this result is consistent with existing precedent in Wyoming. *See Cline v. Sawyer, supra.*

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

**4.** As an alternate basis for requesting a new trial, appellant points to the trial court's communication with the jury outside the presence of counsel. While we certainly do not condone this contact with the jury on a critical matter in the case, in light of our holding and appellant's concession at oral argument, we need not determine whether such contact constituted reversible error. *But see General Motors Corp. v. Walden,* 406 F.2d 606, 610 (10th Cir.1969).