No. 63,261

HERBERT PIZEL, *et al.*, *Appellants/Cross-Appellees*, v. EUGENE P. ZUSPANN, *et al.*, *Appellees/Cross-Appellants*.

(803 P.2d 205)

Modification of opinion, filed December 20, 1990. (For original opinion, see *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42 [1990].)

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a legal malpractice action against the defendants, attorneys Eugene P. Zuspann and B.E. Whalen. In our original opinion, we reversed the entry of summary judgment in favor of defendant Zuspann and granted a new trial. *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42 (1990). On August 1, 1990, defendants Zuspann and Whalen filed a motion for rehearing and clarification pursuant to Supreme Court Rule 7.06 (1990 Kan. Ct. R. Annot. 37).

The defendants' motion addresses the italicized portion of the following language in *Pizel v. Zuspann*, 247 Kan. at 61:

"We do not agree with the trial court that *Knight* is analogous to the present case, nor do we find it controlling. As appellants correctly note, this case is distinguishable from *Knight v. Myers* because, *to carry out the terms and conditions of his employment during his representation of Charles, Zuspann had a continuing duty to assure that Charles' intent to pass the land to his nephews was realized. Zuspann's alleged failure to adequately advise Charles of the steps needed to effectuate the trust constituted a special obligation that was continuous in nature and that resulted in injury to Pizel and his intended third-party beneficiaries.*"

Appellees Zuspann and Whalen argue that this language suggests an attorney has a continuing duty to assure the client's intentions are carried out with no indication of any event that would end this duty. Appellees argue that the language used by the court went further than it intended because the opinion indicates that attorneys have a perpetual obligation to review each inter vivos revocable trust indenture, to contact the trustees or settlors, and to periodically check to assure the trusts are in operation according to the settlors' wishes.

Appellees point out that, here, Herb Pizel was never intended to benefit from Charles' will or trust as those documents were

drafted by Zuspann but, instead, became a beneficiary only after the codicil and amendment to the trust were drafted by Whalen. According to appellees, an attorney's duty cannot extend into perpetuity. Attorneys ought not to be bound to assure their clients' intentions but, instead, should be required to perform the task contracted for in a reasonably prudent manner. As an example of the problems created by the court's language, appellees argue that if an attorney is hired to file an appellate brief and argue the case but does not win; a cause of action could be stated for malpractice because the client surely intended that the attorney win the case.

The Kansas Bar Association (KBA) filed an *amicus curiae* brief addressing this issue. The KBA asks this court to reconsider the use of the above-quoted language and to either delete it or, in the alternative, modify and limit it to clarify that this language applies to the unique facts and circumstances of this case.

The KBA points to problems with the use of the term "assure," which means to pledge or promise, to guarantee, to make sure, to ensure. Using "assure" indicates that an attorney guarantees or ensures that a client's intent will be realized. The Model Rules of Professional Conduct, Supreme Court Rule 226 (1990 Kan. Ct. R. Annot. 210), as adopted in Kansas, prohibit an attorney from guaranteeing the outcome of his or her representation. See MRPC 7.1(b) (1990 Kan. Ct. R. Annot. 281).

Stating that it is not expressing an opinion about the nature or extent of liability of either defendant, the KBA notes that the court indicates Zuspann continued to represent Charles after execution of the trust in May 1962 until Whalen began representing Charles in the early 1970s. According to the KBA, the language used by the court regarding the "continuing duty to assure" is ambiguous because it is unclear whether the court intended Zuspann's duty to continue *ad infinitum* or through a lesser time after Charles executed the trust. The KBA urges the court to modify this language to clarify that the "continuing duty" of counsel to a client involves a limited period of time.

We find the criticism of the quoted language is justified. We further find that the above-quoted language should be modified as follows:

We do not agree with the trial court that *Knight* is analogous to the present case, nor do we find it controlling. As appellants correctly note, this case is distinguishable from *Knight v. Myers*. Plaintiffs allege Zuspann failed to carry out the terms and conditions of his employment by not adequately advising Charles of the steps necessary to effectuate the trust. It is the failure to advise that resulted in injury to Charles and his intended third-party beneficiaries.

We next address the defendants' argument that judgment should be entered for the defendants based upon the plaintiffs' contributory negligence.

In *Federal Savings & Loan Ins. Corp. v. Huff*, 237 Kan. 873, 704 P.2d 372 (1985), this court held that the comparative fault statute, K.S.A. 60-258a, does not apply to actions for economic damages. Following this decision, the legislature amended K.S.A. 60-258a to specifically include claims for economic loss. This amendment became effective July 1, 1987. See K.S.A. 1989 Supp. 60-258a. In *Wichita Fed'l Savings & Loan Ass'n v. Black*, 245 Kan. 523, 781 P.2d 707 (1989), this court concluded that the amendment to the comparative fault statute adding economic loss was not retroactive. Because comparative fault is a substantive defense, the court held that the 1987 amendment to K.S.A. 60-258a, overruling *Huff*, was not applicable to the action before it. 245 Kan. at 544.

In our original opinion, we reversed the trial court's order granting summary judgment to Zuspann prior to trial. Because the trial court's action was erroneous, this court was required to grant a new trial to the appellants. 247 Kan. at 77. The effect of our ruling was to return the parties to the positions they were in at the time the trial court improperly granted summary judgment. See *Bartlett v. Davis Corporation*, 219 Kan. 148, 153, 547 P.2d 800 (1976). This case was tried on comparative fault principles. Because contributory negligence was never raised before the trial court and, in fact, was never raised on appeal, it will not be considered for the first time on this motion. Although on remand the parties are not precluded from raising this issue, comparative fault principles control in this appeal.

We therefore find that the original opinion of the court, 247 Kan. at 70, should be further modified to provide: "Therefore,

the trial court, <u>based upon the contentions advanced by the parties</u>, correctly instructed the jury to compare the fault of the parties."

We deny the motion for rehearing and adhere to our original opinion except as herein modified.