**The JACKSON STATE BANK, a Wyoming corporation, and Maurice E. Miles, Appellants (Plaintiffs),**

v.

**Floyd R. KING, Appellee (Defendant).**

**No. 91–45.**

Supreme Court of Wyoming.

Jan. 6, 1993.

Patrick M. Hunter, Casper, for appellants.

Terry W. Mackey, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

THOMAS, Justice.

The questions in this case are certified to this court by the United States Court of Appeals for the Tenth Circuit pursuant to Wyo.R.App.P. 11 and Wyo.Stat. §§ 1–13–104 to –107 (1988), the Federal Court State Law Certificate Procedure Act. The questions certified by the federal court are:

A. Does Wyoming's comparative negligence statute, Wyo.Stat. § 1–1–109(a) (1977), bar plaintiff's recovery in a legal malpractice action based on claims for breach of contract and breach of fiduciary duty when the jury apportions fault in the following manner: plaintiff, thirty-five percent; defendant, thirty-five percent; and a third party, thirty percent?

B. If the comparative negligence statute does not bar recovery on these claims, does it or some other principle of Wyoming law require that plaintiff's recovery be reduced by his percentage of fault?

We answer both of the certified questions in the negative.

On February 26, 1973, Rosemary Miles died, and her husband, Maurice Miles (Miles), and her son from a previous marriage, William Hutson, and his family (Hutsons) survived her. Her will divided her estate into two parts. One part, equivalent to the maximum marital deduction, was left directly to Miles. The other portion was left in a testamentary trust for the benefit of the Hutsons. Her will also provided that Miles should be appointed as the executor of her estate. Floyd R. King (King) was retained by Miles to represent him in accomplishing his duties as executor of the estate.

In April of 1979, the probate court entered an order approving the accounting and a decree of distribution in Rosemary Miles' estate, and the estate was closed in October, 1979. In July of 1986, the Hutsons brought an action against Miles in the federal district court asserting breach of

his fiduciary duties as executor of the estate. Miles then filed a third-party complaint against King, alleging legal malpractice in connection with King's representation of Miles as the executor of the Rosemary Miles estate and asserting claims based on theories of negligence, breach of contract, and breach of a fiduciary duty.

Miles entered into an agreement with the Hutsons, settling their claim against him, and pursued his malpractice action against King. The legal malpractice action was tried before a jury and, on June 30, 1989, following a five-day trial, the jury returned a verdict finding that Miles had suffered damages in the amount of $46,500 as the result of King's actions. In its verdict, the jury apportioned fault, defined as "negligence causing damage," for Miles' damages, as follows: Miles 35%; King 35%; and the Jackson State Bank, not a party to the action, 30%. The jury found that King, in his attorney-client relationship with Miles, had been negligent, had breached the fiduciary duty owed by an attorney to a client, and had breached his contract with Miles.

On August 17, 1989, the United States District Court for the District of Wyoming ruled that the assessment of comparative fault by the jury applied to all three of Miles' claims, and it denied recovery. Miles then took an appeal to the United States Court of Appeals for the Tenth Circuit asserting that there was error in this ruling by the United States District Court, and that is the thrust of the questions certified to this court. We disagree with the ruling of the United States District Court.

At the time this case arose, the comparative negligence statute in effect in Wyoming provided:

Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence was not as great as the negligence of the person against

* Chief Justice at time of oral argument

whom recovery is sought. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering.

Wyo.Stat. § 1–1–109(a) (1977).

The statute was amended in 1986, but that amendment was substantive in nature and, consequently, has no retrospective application to the questions certified to this court.

In the specific context of the comparative negligence statute, we recently quoted the summarized standard for statutory construction in this way:

> Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction. * * * Neither this Court nor the agency charged with administering the statute has a right to look for and impose another meaning.

*Phillips v. Duro–Last Roofing, Inc.*, 806 P.2d 834, 837 (Wyo.1991) (citing *Wyoming Ins. Dept. v. Avemco Ins. Co.*, 726 P.2d 507, 510 (Wyo.1986)).

Then we further quoted:

> Whenever this court is engaged in the construction of a statute, the primary consideration is to discern the intention of the legislature. * * * That legislative intent should be ascertained, as nearly as is possible, from the language incorporated in the statute, which is viewed in the light of its object and purpose. * * * In those instances in which the language in the statute is plain and unambiguous, the words used are to be accorded their plain and ordinary meaning unless there is some manifestation of a legislative intent that they not be accorded the plain and ordinary meaning.

*Phillips*, 806 P.2d at 837 (citing *Belle Fourche Pipeline Co. v. State*, 766 P.2d 537, 542 (Wyo.1988)).

In *Phillips*, we refused to extend our comparative negligence statute, beyond its intended and express application to negligence, into warranty and strict liability theories as articulated in RESTATEMENT (SECOND) OF TORTS §§ 402A and 402B (1965). *Phillips*, of course, did not encompass an issue of legal malpractice but, neverthe-

less, we perceive the case as controlling. Both Miles and King agreed in the briefs they submitted to this court that *Phillips* is controlling, but they disagreed as to the result it directed.

King urges *Phillips* as controlling on the premise that even though, concededly, § 1–1–109 applies only to those cases involving negligence, Miles' claim in the trial court was founded in negligence, no matter how it might be characterized. This was the view adopted by the United States District Court, and King argues that decision manifested the correct application of § 1–1–109 to the case involved. Miles, on the other hand, distinguishes between a cause of action based on contract theories and a cause of action based on tort theories. Miles agrees *Phillips* stood for the proposition that § 1–1–109 reached only to those causes of action arising out of negligence. Miles argues, therefore, that the statute has no application to a legal malpractice action, which is a contractual claim based on the implied warranty that the work performed by an attorney for his client will be performed in a skillful and professional manner.

We agree with Miles that the cause of action in a legal malpractice claim is contractual in nature and that § 1–1–109 is not applicable based upon its clear and unambiguous language. We reach that result, however, upon a different analysis from that urged by Miles.

The relationship of attorney and client is contractual in nature. *Grievance Committee, Wyoming State Bar v. Riner*, 765 P.2d 925 (Wyo.1988); *Chavez v. State*, 604 P.2d 1341 (Wyo.1979), *cert. denied* 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980); *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42, *opinion modified on denial of reh'g*, 247 Kan. 699, 803 P.2d 205 (1990) (citing *Bowman v. Doherty*, 235 Kan. 870, 686 P.2d 112 (1984)); *Pittman v. McDowell, Rice & Smith*, 12 Kan.App.2d 603, 752 P.2d 711 (1988) (citing *Bowman*); *Massey v. Cunningham*, 420 So.2d 1036 (La.App.1982); *Zych v. Jones*, 84 Ill.App.3d 647, 40 Ill.Dec. 369, 406 N.E.2d 70 (1980). The contract may be an express contract, or it may be

implied from the actions of the parties, such as, the furnishing of advice and assistance or even the awareness of the attorney of reliance on the relationship. *Riner.* The attorney-client relationship can be created by a retainer or an offer to retain or the payment of a fee. *Zych.* Even though legal malpractice may ·be attributable to negligence on the part of the attorney, still the right to recompense is based upon the breach of the contract with the client. It follows that, because this relationship is contractual in nature and is to be treated according to the law of contracts, there is no justification to invoke the comparative negligence statute.

 In *Cline v. Sawyer*, 600 P.2d 725 (Wyo.1979), *appeal after remand*, 618 P.2d 144 (Wyo.1980), this court held the trial court was obligated to make special findings of fact in determining the amount of damages and the percentage of negligence attributable to each party under § 1–1–109(b).[1] In *Cline*, the owners of a trailer park had brought an action against a plumber to recover damages for allegedly defective work, asserting both contract and negligence theories. We there said:

> In construction contracts, there is an implied warranty that the work will be performed in a skillful, careful, diligent and workmanlike manner. Where negligence on the part of the contractor results in a breach of this warranty, a cause of action ex contractu and a tortious action premised on negligence, or both, are available to the contractee.

*Cline*, 600 P.2d at 732.

More importantly, for purposes of this case, we also said:

> If this is only a contract action, it may be said that these findings of fact and conclusions of law are sufficient. They reflect the existence of a contract, performance by appellees, its breach, and the resulting damages. *As only a contract action, the findings required by § 1–1–109(b) would not be necessary.* The same cannot be said if this is also a negligence action.

*Cline*, 600 P.2d at 731 (emphasis added). The conclusion to be drawn from the decisions of this court in *Cline*, and more recently in *Phillips*, is that the Wyoming Comparative Negligence Statute, as drafted by the legislature and interpreted by this court, is limited to those actions based on negligence only. Clearly, it should not be extended to actions based on contract. We, therefore, hold that § 1–1–109(a) does not bar recovery by a plaintiff in a legal malpractice action, which necessarily is based on claims for breach of contract and breach of fiduciary duty.

We recognize that the United States Court of Appeals for the Tenth Circuit had a similar case before it in 1986. That court held that Wyoming's comparative negligence statute was not intended to bar recovery of damages by the plaintiff under a warranty theory. *Sheldon v. Unit Rig & Equipment Company*, 797 F.2d 883 (10th Cir.1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 156 (1987). The court did conclude, however, that the thrust of the statute was to require the damages be reduced by the plaintiff's percentage of fault. King argues here the United States Court of Appeals for the Tenth Circuit misread Wyoming precedent and, for that reason, reached the wrong result in that case, urging the statute should have served as a bar. Contrarily, Miles argues § 1–1–109 does not require the reduction of recovery by a plaintiff by his percentage of fault, although he appears to concede an argument could be structured that the fault of the plaintiff could be invoked to apportion damages because of proximate cause issues like those

---

1. Wyo.Stat. § 1–1–109(b) (1977) provided, in pertinent part:

 (b) The court may, and when requested by any party shall:

 (i) If a jury trial, direct the jury to find separate special verdicts;

 (ii) If a trial before the court without jury, make special findings of fact, determining the amount of damages and the percentage of negligence attributable to each party. The court shall then reduce the amount of such damages in proportion to the amount of negligence attributed to the person recovering;

 (iii) Inform the jury of the consequences of its determination of the percentage of negligence.

in *Sheldon.* Miles then urges it would not be appropriate to apportion damages in this case.

Whether *Sheldon* is correctly decided is not before us in this case. *Phillips* was decided after the *Sheldon* decision, and that case would have furnished additional guidance to the United States Court of Appeals in addressing legislative intention with respect to the adoption of the comparative negligence statute and its interpretation by this court. We clearly refused to extend the comparative negligence statutes to theories of warranty and strict liability in *Phillips.* Extension of the *Phillips* rule to the case at bar demands the conclusion that the statute does not apply and it would not be proper to apportion damages to reduce recovery based on a contractual claim. It is likely the *Sheldon* court would have reached that result had the *Phillips* case been available as precedent.

With respect to the claim of breach of a fiduciary duty, it has been held that the defense of contributory negligence is not available to what is an action in equity. *Federal Savings & Loan Insurance Corporation v. Huff,* 237 Kan. 873, 704 P.2d 372 (1985). *See also Miller v. Pine Bluff Hotel Company,* 286 F.2d 34 (8th Cir.1961) (refusing to extend the Arkansas comparative negligence statute to any and all tort actions, specifically holding the statute did not apply to guest's action against hotel for theft of property entrusted to hotel's care). In *Huff,* the Supreme Court of Kansas ruled that the Kansas comparative negligence statute did not extend to an action for economic loss brought by the receiver of a savings and loan association against individual officers and directors of the association on a theory of breach of their respective fiduciary duties. The court there said that it was legally impossible for the savings and loan institution to be contributorily negligent and, accordingly, contributory negligence was not available as a defense to the individual defendants. The action against the defendant underwriter of the fidelity bond was simply characterized as an action predicated upon contract law, and the Kansas court held that its comparative negligence statute was inapplicable to contract actions.

We are in accord with Miles' position that the plain and unambiguous language of § 1–1–109(a) demonstrates that the statute applies only to those causes of action arising out of negligence. It does not extend to those that are based upon a theory of contract or a theory of breach of fiduciary duty. It follows that the statute does not serve as a bar to those claims by Miles, nor can it be invoked to reduce his recovery by any percentage of fault. We are not cognizant of, nor has anyone called to our attention, any other principle of Wyoming law that would require Miles to reduce his recovery by his percentage of fault as to his claims on contract theories.

In summary, we hold that Wyoming's comparative negligence statute, Wyo.Stat. § 1–1–109(a) (1977), does not bar plaintiff's recovery in a legal malpractice action based on claims for breach of contract and breach of fiduciary duty, even though the jury has apportioned fault in the following manner: plaintiff, 35%; defendant, 35%; and a third party, 30%. We further hold that neither the comparative negligence statute nor any other principle of Wyoming law requires that the plaintiff's recovery be reduced by his percentage of fault.

URBIGKIT, J., filed an opinion concurring in the result.

CARDINE, J., filed a dissenting opinion.

URBIGKIT, Justice, concurring in the result.

I concur in the result of this decision, but have a concern that the opinion is directed beyond the certified question and may be clearly wrong in the context of the extended discussion.

The question presented, by certification from the Tenth Circuit Court of Appeals, was clearly limited to a legal malpractice claim based on a contractual theory of liability. I find no justification to extend our discussion into questions of legal malpractice that might be based on negligent theories of actionable wrong.

Even worse, in my opinion, is the further mistake in opinion evaluation that legal malpractice proceedings *must* be contractual in nature. A review of the law demonstrates that either or both contract and tort theories have interchangeably been used by the client to pursue attempted recovery for the claimed wrong from his attorney. Even though I consider this portion of the decision pure dictum, I still find the possibility of confusion to be created for trial judges and the practicing bar.

The concept is stated in the standard authority, 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice*, § 27.4 (3rd ed. 1989), and similarly found in Irving J. Sloan, *Professional Malpractice* at 65 (1992), that "[c]ourts disagree on the underlying theory of the attorney malpractice action." *See also* Dennis J. Horan & George W. Spellmire, Jr., *Attorney Malpractice: Prevention and Defense*, ch. 11 (1989), which also recognizes the potential negligent theory basis of recovery. *See* Honorable Blanche M. Manning, *Legal Malpractice: Is it Tort or Contract?*, 21 Loy.U.L.J. 741 (1990). Further discussion is provided in Page Keeton, *Professional Malpractice*, 17 Washburn L.J. 445, 448 (1978); H.H. Henry, Annotation, *What Statute of Limitations Governs Damage Action Against Attorney for Negligence in Performance of Professional Services*, 49 A.L.R.2d 1216, 1219–21 (1956); and Joseph Timothy Kleespies, Comment, *Liability of Lawyers to Third Parties for Professional Negligence in Oregon*, 60 Or.L.Rev. 375 (1981). 1 Mallen & Smith, *supra*, § 8.10 (footnote omitted) describe in their final conclusion:

> The most common form of a legal malpractice action is for negligence. The cause of action for legal malpractice involves the same basic elements as any ordinary negligence action: duty, negligent breach of duty, proximate cause and damage. Yet, one court, emphasizing the contractual nature of the attorney-client relationship, stated that a legal malpractice action is not an action in tort. That, however, is not the rule.

A valuable text, Duke Nordlinger Stern & Jo Ann Felix–Retzke, *A Practical Guide to Preventing Legal Malpractice*, § 1.01 (1983) (emphasis in original), delineates the definitional confusion:

> Defining *legal malpractice* can be an exercise in frustration. The many courts that have addressed the question are prone to add their personalized verbiage to what has become many definitions. Some sound in tort while others are framed in terms of express or implied contract. Still others tend to combine both theories, and some courts have said that neither approach is correct. Yet, by whatever definition, legal malpractice is increasing in frequency of occurrences and severity of loss payments.
>
> The more practical approach is to analyze attorney malpractice not in terms of theoretical definitions, but rather by the multitude of claims that have been made against members of the legal profession. The substantial majority of claims are never tried, and of those that are, even fewer are appealed. The body of case law pales by comparison to the body of *claim law*. Even the significant percentage of claims which result in no indemnity payments still can result in substantial sums being paid for defense. The cost in terms of damage to an attorney's reputation can be still greater.

2 Mallen & Smith, *supra*, at § 27.4 (footnotes omitted), recognizes the significance of the selection of a legal theory which motivates my concern about the text of this majority decision:

> On occasion, the legal theories available to a plaintiff may involve choice of law issues. The issue may concern the principle governing the underlying action or the legal malpractice action itself. For a federal court, choice of law principles are those of the forum in which it sits.
>
> In most jurisdictions, the plaintiff in a legal malpractice action may have a choice between proceeding upon the theory of negligence, breach of contract, or a statutory remedy. Although the plaintiff may have facts available which constitute an express promise, the contract action can sometimes be based upon the

implied promise to exercise ordinary skill and knowledge. The implied promise usually has the same legal and practical result as a tort claim.

In some instances, however, a contract theory may not only be preferable, but also the only viable course of action. Thus, if either the attorney or client is deceased, survival of the cause of action can depend upon the theory of liability asserted. A statute of limitations applicable to tort actions usually expires well before a statute applying to an action founded upon a contract. A suit predicated upon a contract or statute may be preferable because it may not be subject to the contributory negligence defense. Interest may be recoverable for a breach of contract but not for negligence. Punitive damages, however, are not usually recoverable for breach of a contract.

Consequently, I concur in the majority decision, but would leave for another day, when the issue is directly presented, whether either or both contract or negligence confine or describe a legal malpractice proceeding.

CARDINE, Justice, dissenting.

Each case of this kind presents a new and different problem that adds confusion to what ought to be simple. *See Schneider Nat'l, Inc. v. Holland Hitch Co.*, 843 P.2d 561 No. 91–44 (Wyo., Dec. 9, 1992) (Cardine, J., dissenting). This case creates an injustice by requiring a party to pay 100 percent of a loss of which he caused only 35 percent. I would hold that when negligence is asserted and, as in this case, is an element of a claim, the case sounds in negligence, and negligence law and principles apply. Should the injured party sue only upon the contract, negligence principles would not apply. This would leave intact a pure contract action and result in a more reasonable approach to justice between the parties. *See also Phillips v. Duro–Last Roofing, Inc.*, 806 P.2d 834, 838 (Wyo.1991) (Cardine, J., dissenting).