992 F.2d 276
 John ZIERKE and Debbie Zierke, Plaintiffs-Appellees,
v.
AGRI-SYSTEMS, a Montana corporation, Defendant-Appellant.
John ZIERKE and Debbie Zierke, Plaintiffs-Appellants,
v.
BUSCH AGRICULTURAL RESOURCES, INC., a Delaware corporation;
Agri-Systems, a Montana corporation, Defendants-Appellees.
 Nos. 91-8057, 91-8058.
 United States Court of Appeals,
Tenth Circuit.
 May 3, 1993.
 
 Robert N. Williams (Daniel M. Hesse with him on the briefs), of Meyers and Williams, Jackson, WY, for plaintiffs John Zierke and Debbie Zierke.
 Margaret Sommers of McCarty, Cranfill and Sommers, Cody (Timothy J. Bommer, Jackson, WY, with her on the briefs), for defendant Agri-Systems.
 Before LOGAN and SEYMOUR, Circuit Judges, and BROWN, District Judge.*
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiffs John and Debbie Zierke, Wyoming citizens, and defendant Agri-Systems, a Montana corporation, each appeal from an amended judgment entered by the district court following a jury trial. Plaintiffs challenge the adequacy of jury instructions concerning the burden of proof required to establish anticipated future losses. Defendant cross-appeals, alleging that the district court erroneously overruled its earlier judgment denying plaintiffs relief.
 
 
 2
 Plaintiff John Zierke was injured in November 1988 when his foot slipped as he was attempting to step over an open, rotating floor auger, manufactured by defendant. As a result, about one-third of his right foot had to be amputated. Zierke then brought suit against his employer (not a party to this appeal) and defendant, claiming negligence and strict liability. His wife, Debbie Zierke, sought punitive damages and damages for loss of consortium. The jury awarded plaintiffs $150,000, apportioning responsibility under the negligence claims as follows: Zierke, 38%; Zierke's employer, 52%; Agri-Systems, 10%. On the issue of strict liability, the jury found Zierke 90% responsible and Agri-Systems 10% responsible. Zierke's employer was immunized from suit under Wyoming's worker's compensation laws.
 
 
 3
 The district court initially applied Wyoming's comparative negligence statute, Wyo.Stat. § 1-1-109, to nullify plaintiffs' damage award, both for negligence and for strict liability.[1] A month later the district court entered an amended judgment in response to the Wyoming Supreme Court's recently issued decision in Phillips v. Duro-Last Roofing, Inc., 806 P.2d 834 (Wyo.1991), which held that § 1-1-109 does not apply to causes of action other than negligence. The amended judgment ordered that plaintiffs recover $150,000 from defendant.
 
 
 4
 Neither side disputes that § 1-1-109 precludes plaintiffs from recovering on their negligence claims. However, defendant challenges the district court's interpretation of the jury's responses to special interrogatories on the issue of strict liability. We address defendant's cross-appeal first, because if a remand is necessary on the strict liability claim, then the district court will also be able to correct any defects in the jury instructions pertaining to future losses.
 
 
 5
 * When, as here, the appeal requires us to examine the court's instructions to the jury, we must "determine whether the instructions state the law that governs and provide the jury with an ample understanding of the issues and the standards applicable." Shute v. Moon Lake Elec. Ass'n, 899 F.2d 999, 1004 (10th Cir.1990). We do not require jury instructions to be perfect. Rather, we look to "whether the jury was misled in any way and whether it had an understanding of the issues and its duty to decide those issues." Id.
 
 
 6
 On its verdict form, the jury indicated that defendant was responsible for the defect in its floor auger, but it also apportioned 90% of the responsibility to plaintiff.[2] Defendant asks this court to follow Sheldon v. Unit Rig & Equip. Co., 797 F.2d 883 (10th Cir.1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 156 (1987), which held that in a breach of warranty case § 1-1-109 allows a plaintiff to recover damages reduced by his percentage of fault. Extending this analysis to a strict liability claim, defendant would have plaintiffs recover 10% of the total award. We reject this argument, based upon the Wyoming Supreme Court's recent and clear pronouncements on the applicability of § 1-1-109 to strict liability in Phillips; Schneider Nat'l, Inc. v. Holland Hitch Co., 843 P.2d 561, 567, 583 (Wyo.1992); and Jackson State Bank v. King, 844 P.2d 1093, 1095, 1097 (Wyo.1993). Jackson State treated Sheldon as follows:
 
 
 7
 We clearly refused to extend the comparative negligence statutes to theories of warranty and strict liability in Phillips. Extension of the Phillips rule to the case at bar demands the conclusion that the statute does not apply and it would not be proper to apportion damages to reduce recovery based on a contractual claim. It is likely the Sheldon court would have reached that result had the Phillips case been available as precedent.
 
 844 P.2d at 1097.[3]
 
 8
 It is also possible that by ascribing 90% of the fault in the strict liability claim to Zierke, the jury was in effect finding that Zierke assumed the risk of injury and is barred from recovery. See Restatement (Second) of Torts § 402A cmt. n (1965). Although we recognize the duty of both the trial and appellate courts to reconcile the jury's answers to special interrogatories with the case as a whole, see Harvey v. General Motors Corp., 873 F.2d 1343, 1348 (10th Cir.1989), here the intervening change in Wyoming law rendered those portions of the jury instructions pertaining to strict liability invalid. Jury Instruction 34 provided that if plaintiffs proved their strict liability claim against defendant, defendant could escape a verdict against it by showing "[n]egligence of the plaintiff John Zierke," and that the jury should then "consider his negligence as compared to that of the defendant Agri-Systems." Thereafter, in instructing the jury on the effect of its verdict, the district court said that "under products liability law of the state of Wyoming ... the amount of damages you find, if any, shall be reduced by the amount of fault, if any, which you attribute to Mr. Zierke." Jury Instruction 61.
 
 
 9
 The Phillips decision makes it clear that a reduction of damages in proportion to plaintiff's fault is not appropriate in non-negligence causes of action. 806 P.2d at 836-37. See also Schneider Nat'l, Inc., 843 P.2d at 567. The jury instructions to that effect in the instant case do not state the law correctly. The matter is further complicated because the special interrogatories did not specifically inquire as to whether the fault ascribed to plaintiff was in the nature of assumption of risk or simply a form of negligence. This court recently faced a nearly identical issue, holding that "it would be manifestly unjust to assume in any way what the jury would have done had it been correctly instructed and not misled regarding the effect on the judgment of its answers to the special interrogatories." Phillips v. Duro-Last Roofing, Inc., 973 F.2d 869, 871 (10th Cir.1992). Therefore, we remand the case for a new trial on the issue of strict liability, with jury instructions that state current Wyoming law and interrogatories that specifically inquire as to whether John Zierke assumed the risk.
 
 II
 
 10
 In their separate appeal plaintiffs challenge the district court's instructions regarding the burden of proof required to establish anticipated future losses. In its instruction to the jury concerning the proper discount of a lump sum payment to compensate for anticipated future losses, the district court directed the jury to consider the rate of return the plaintiff could expect to receive on a lump sum investment, together with "the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount of anticipated future loss whatever that amount would be reasonably certain to earn...." Jury Instruction 55 (emphasis added).
 
 
 11
 Wyoming law is clear that the correct standard for future loss determinations is "reasonable probability" rather than "reasonable certainty" and that the two are not interchangeable. Hashimoto v. Marathon Pipe Line Co., 767 P.2d 158, 165 (Wyo.1989). We express no opinion as to whether this error alone was sufficiently prejudicial to the plaintiffs to require a new trial. Because we are remanding the case for a new trial on the strict liability claim, and the jury once again will have to be instructed on anticipated future losses, the proper standard should be reflected in the appropriate jury instruction.
 
 
 12
 The judgment of the district court on plaintiffs' negligence claim is AFFIRMED. On the issue of strict liability, the judgment is REVERSED and the case is REMANDED for new trial, with jury instructions in accordance with this opinion.
 
 
 
 *
 The Honorable Wesley E. Brown, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 Pursuant to that statute, the jury was instructed that if John Zierke's degree of negligence was equal to or greater than the negligence attributed to either defendant, plaintiffs would not be able to recover from that defendant. Because, under both causes of action, Zierke was found to be more negligent than defendant the district court ordered that plaintiffs recover nothing
 
 
 [2]
 The verdict form read as follows:
 A. Strict Liability Claim
 
 
 [1]
 Was the floor auger system manufactured or sold by defendant Agri-Systems in a defective condition unreasonably dangerous to the consumer or user? YES
 
 
 [2]
 Did the floor auger system reach the ultimate consumer without substantial change in the condition in which the defendant, Agri-Systems, manufactured it? YES
 
 
 [3]
 Was the allegedly defective condition of the auger a proximate cause of injury to the plaintiff, John Zierke? YES
 
 
 [4]
 Was the plaintiff John Zierke at fault? YES
 
 
 [5]
 Was the fault, if any, of the plaintiff John Zierke a proximate cause of his injuries? YES
 
 
 [6]
 Considering all of the fault at one hundred percent, what percentage of the total fault, if any, was attributable to each of the following:
 Agri"Systems 10%
 John Zierke 90%
 TOTAL 100%
 
 
 [3]
 We note defendant's argument that Phillips should not be applied retroactively, and respond that this case does not present a retroactivity problem because that decision was issued while this case was still pending before the district court