Dear Mayor Davis:
You advise us that the City Charter of the City of Baker provides "the Mayor shall execute all contracts, agreements, instruments of debt and the like for which the city is obligated" and further provides that "no special legal counsel shall be employed by the city except by legal contract". See Sections 3-07 and 4-08 of the City Charter of the City of Baker. In light of these charter provisions, you ask this office to address the following questions:
 (1) Is the City of Baker required by state law to provide funding for independent counsel to the Fire and Police Civil Service Board (hereafter the Board)?
 (2) May the Fire and Police Civil Service Board select said counsel and set the compensation to be paid?
 (3) If so, who is the proper party to sign such a contract on behalf of the City, the Mayor or the Chairman of the Fire and Police Civil Service Board?
The fire and police civil service board is funded solely by the municipality. Revenues which sustain the board are authorized by R.S.33:2480; the statute requires the City of Baker to make annual appropriations to enable the Board to "carry out effectively the duties imposed upon the board" by law. See R.S. 33:2477.[1] R.S. 33:2480
provides:
§ 2480. Appropriations; facilities for board
 The legislature shall make adequate annual appropriations to enable the state examiner to carry out effectively the duties imposed upon him by this Part. The governing body of the municipality shall make adequate annual appropriations to enable the board of the municipality to carry out effectively the duties imposed upon the board and shall furnish the board with office space, furnishings, equipment, and supplies and materials necessary for its operation. (Emphasis added).
It is the opinion of this office that the employment of counsel to provide legal advice either on an ongoing basis or as counsel in judicial proceedings is necessary for the Board to accomplish "effectively the duties imposed upon the board." Thus, funds for the employment of legal counsel in both instances are the fiscal responsibility of the governing body of the municipality.
The statutes are not silent regarding these issues. R.S. 33:2506
authorizes the Board to employ legal counsel where the Board's decisions are "called into question in any judicial proceeding" or if any person "fails or refuses to comply with the lawful orders or directions of the board". See R.S. 33:2506.[2]
This office has previously determined that a local civil service board may, at its option, employ independent special legal counsel to represent and advise it on any matter within the scope of its functions. See Attorney General Opinion 88-343. This office has also determined that approval of the Mayor and Board of Aldermen is not required for the employment of independent special counsel, and in the same opinion, noted that debts incurred by a municipal fire and police civil service board while performing its statutorily created duties are the liability of the governing body. See Attorney General Opinion 92-666.
The Baker Fire and Police Civil Service Board is part of a constitutionally protected civil service system created by La-Const. Art. X, § 16 (1974). "The interest and intent of a majority of the delegated in formulating the 1974 Constitution was to create an independent, autonomous, non-political state and city civil service safeguarded and removed as far as humanly possible from any form of political influence or any suspicion of political influence or control."Civil Service Com. Vs. Guste, 428 So.2d 457, at page 461 (La. 1983). The municipality cannot refuse to fund expenses for the civil service board which are authorized by constitutional provision and state statute.
We make the foregoing conclusion despite the fact that the City of Baker is a home rule charter entity.[3] R.S. 33:2506 which authorizes employment of special independent counsel takes precedence over the home rule charter, which is a local enactment.
In recently released Attorney General Opinions 03-251 and 03-251(A), this office determined that the expense of an attorney for the Board would be at the Board's expense. This determination is correct, in the sense that the Board is the appropriate contracting party; however, those opinions are not to be interpreted as relieving the municipality of its obligation to fund this expense. As we have already noted, the Board derives all revenues from the municipality.
Finally, note that R.S. 42:263 requires the Board to obtain the approval of this office prior to the employment of legal counsel. The statute provides, in part:
 "no-----local. . . . board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in official journal of the parish."
We conclude that the Board may hire legal counsel and its chairman may sign a contract for that purpose. The funding for the contract must come from the municipality. The approval of the Mayor and Board of Aldermen is not required.
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: September 18, 2003
[1] LSA-R.S. 33:2477 states:
§ 2477. Duties of the board
The Board shall:
 (1) Represent the public interest in matters of personnel administration in the fire and police services of the said municipal government.
 (2) Advise and assist the governing body, mayor, commissioner of public safety, and the chiefs of the fire and police departments of the municipality, with reference to the maintenance and improvement of personnel standards and administration in the fire and police services, and the classified system.
 (3) Advise and assist the employees in the classified service with reference to the maintenance, improvement, and administration of personnel matters related to any individual or group of employees.
 (4) Make, at the direction of the mayor, commissioner of public safety, chief of either the fire or police department, or upon the written petition of any citizen for just cause, or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the said municipal fire and police services; review, and modify or set aside upon its own motion, any of its actions; take any other action which it determines to be desirable or necessary in the public interest, or to carry out effectively the provisions and purposes of this Part.
 (5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
 (6) Hear and pass upon matters which the mayor, commissioner of public safety, the chiefs of the departments affected by this Part, and the state examiner of municipal fire and police civil service bring before it.
 (7) Make, alter, amend, and promulgate rules necessary to carry out effectively the provisions of this Part.
 (8) Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board.
 (9) Make reports to the governing body, either upon its own motion or upon the official request of the governing body, regarding general or special matters of personnel administration in and for the municipal fire and police services of the municipality, or with reference to any appropriation made by the governing body for the expenses incidental to the operation of the board.
[2] R.S. 33:2506 states:
§ 2506. Legal services
If this Part, or its enforcement by the board is called into question in any judicial proceeding, or if any person fails or refuses to comply with the lawful orders or directions of the board, the board may call upon the attorney general, or the chief legal officer of the municipality, or may employ independent counsel to represent it in sustaining this Part and enforcing it. Nothing contained herein shall prevent any municipal officer, employee, or private citizen from taking legal action in the courts to enforce the provisions of this Part or any rule, order, or other lawful action of the board.
[3] The City of Baker is a pre-1974 home rule charter government; its authority is limited only by the constitution and the police powers of the state. See Article VI, §§ 4 and 9 of the Louisiana Constitution of 1974.
OPINION NUMBER 92-666
RELEASED NOVEMBER 20, 1992
71-1-1 — MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2537, R.S. 33:2540, R.S. 33:2566
Debts incurred by a Municipal Fire and Police Civil Service Board while performing its statutorily created duties are the liability of the governing body; the Board's attorney cannot unilaterally raise his rate of compensation without the Board's approval, however, such compensation is not subject to the approval of the Mayor or Board of Alderman; the Board's budget and spending are regulated by state statute, and the Board is not bound by the same budget and spending laws which apply to the City.
Mr. Kenneth W. Henderson Mayor, City of Winnfield Post Office Box 509 Winnfield, Louisiana 71483
Dear Mr. Henderson:
You requested the opinion of the Attorney General regarding the following questions:
 (1) Is the City of Winnfield responsible for any and all debts the Municipal Fire and Police Civil Service Board incurs beyond its budget?
 (2) Can an attorney for the Civil Service Board unilaterally raise his rate of compensation without having the attorney or the Civil Service Board seek approval from the Mayor and Board of Alderman?
 (3) Is the Civil Service Board bound by the same laws pertaining to budget and spending that apply to the City of Winnfield generally?
The City of Winnfield's Fire and Police Civil Service Board (Board) is governed by LSA-R.S. 33:2531 et seq. Addressing question one, LSA-R.S.33:2540 states in pertinent part:
 The governing body of the municipality, parish or fire protection district, as the case may be, shall make adequate annual appropriations to enable the board thereof to carry out effectively the duties imposed upon the board and shall furnish the board with office space, furnishings, equipment, and supplies and materials necessary for its operation. (Emphasis supplied).
The governing body is required by law to provide the Board with "adequate" funding to facilitate the Board in carrying out its duties. The Board's duties are set forth in LSA-R.S. 33:2537 and include conducting investigations. Debts incurred by a board while performing its statutorily created duties are the liability of the governing body. However, the requirement that "adequate appropriations" be made does not extend to "any and all debts" incurred by a civil service board.
LSA-R.S. 33:2566 authorizes a civil service board to employ independent legal counsel. This statute states in pertinent part:
 If this Part or its enforcement by the board is called into question in any judicial proceedings, or if any person fails or refuses to comply with the lawful orders or directions of the board, the board may call upon the attorney general, or the chief legal officer of the municipality, parish or fire protection district under which the fire and police service functions or may employ independent counsel to represent it in sustaining this Part and enforcing it. (Emphasis supplied).
Under this statute, approval by the Mayor and Board of Aldermen is not required.
It is settled law that the attorney-client relationship is contractual in nature. Such a relationship is based only upon the clear and express agreement of the parties as to the nature of the work to be undertaken by the attorney and the compensation which the client agrees to pay therefor. Massey v. Cunningham, 420 So.2d 1036 (La.App. 5th Cir. 1982), Delta Equipment and Construction Co. v. Royal Indemnity Co., 186 So.2d 454
(La.App. 1st Cir. 1966). The Louisiana Civil Code specifically states in Article 1927 that "a contract is formed by the consent of the parties established through offer and acceptance." Offer and acceptance may be given orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent. Therefore, both attorney and client must consent to a fee increase before a new rate of compensation can become binding between the parties. Attorney fees cannot be excessive and are subject to review and control by the courts to determine reasonableness.
The third question asks if the Board must conform to the same laws which apply to the City of Winnfield (City) relating to the budget and spending. LSA-R.S. 33:2531 et seq. is state law which exclusively governs the operation of the Board. As previously mentioned, LSA-R.S. 33:2540
mandates that the governing authority make "adequate" annual appropriations to allow the Board to carry out the duties listed in LSA-R.S. 33:2537. The Board's budget and spending are regulated by state statute. Therefore, the Board would not be bound by the same budget and spending laws which apply to the City of Winnfield.
Trusting this sufficiently answers your questions, I remain
Yours very truly,
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE/pb-06611